UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

| | |
|---|---|
| UNION OF ORTHODOX JEWISH CONGREGATIONS OF AMERICA<br>11 Broadway<br>New York, New York 10004<br><br>                      Plaintiff,<br><br>v.<br><br>LUKE OIL CO., INC.<br>3592 North Hobart Road<br>Hobart, IN 46342<br><br>                      Defendant. | CIVIL ACTION NO. 2 09 CV 331<br><br>**COMPLAINT<br>FOR DAMAGES AND<br>INJUNCTIVE RELIEF** |

      Plaintiff Union of Orthodox Jewish Congregations of America (the "Orthodox Union") seeks injunctive and monetary relief against Defendant Luke Oil Co., Inc., ("Luke Oil") for acts of trademark infringement, false designation of origin, dilution, unfair competition and deceptive trade practices, arising out of Luke Oil's unauthorized use of the Orthodox Union's registered certification mark Ⓤ at Luke Oil's business locations and on Luke Oil's products. Plaintiff alleges as follows:

### PARTIES

      1.     Plaintiff Orthodox Union is a New York State not-for-profit corporation, with its principal place of business at 11 Broadway, New York, New York, 10004.

      2.     Upon information and belief, Defendant Luke Oil Co. Inc. is an Indiana corporation with its principal place of business at 3592 N Hobart Rd., Hobart, IN 46342-1442. Luke Oil is in the business of, among other things, owning and operating a chain of gasoline service stations and associated convenience stores, which sell food and beverage products and other items.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this dispute arises under the laws of the United States. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) and (b), in that this dispute arises under the Lanham Act. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity among the parties and the amount in controversy exceeds $75,000.

4. This Court may exercise personal jurisdiction over Luke Oil because Luke Oil operates businesses, and markets and distributes its products, within state of Indiana.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391, because Luke Oil is subject to personal jurisdiction in this Judicial District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## BACKGROUND OF THE OU MARK

6. The Orthodox Union provides kosher product certifications that are recognized and trusted throughout the world. The word "kosher," in Hebrew, means fit or proper, and is used to describe food items that are prepared in accordance with Jewish dietary laws. The market for kosher foods is sizeable and reaches far beyond those who adhere to the Jewish faith. For example, many Seventh-day Adventists, vegetarians and health-conscious consumers purchase only kosher foods due to the high standards of quality under which they are produced and manufactured. Recently, the kosher consumer market was estimated to include more than 8.5 million consumers.

7. Due to the complexity of kosher laws, and the inability of consumers and other purchasers to determine whether a food product is kosher, consumers and other

purchasers rely upon the certification of agencies like the Orthodox Union, which provide kosher supervision and guidance.

8. The Orthodox Union is the sole and exclusive owner of the kosher certification mark Ⓤ (the "OU mark"). Since at least 1925, the OU mark has been used on hundreds of thousands of food and food-related products as an indicator that such products have been certified as kosher by the Orthodox Union. The Orthodox Union has spent considerable money, time and energy promoting its certification services and its OU mark. The OU mark is the central feature of the Orthodox Union's promotional efforts and has received extensive coverage in print and on television and radio, in religious and dietary-conscious media sources, and also in the general interest media.

9. The OU mark has achieved a high degree of consumer recognition and has become famous as the most widely recognized indicator of kosher foods throughout the world.

10. The OU mark is federally registered, Registration Nos. 636,593 and 1,087,891, and has become incontestable. True and correct copies of the Certificates of Registration for the OU mark are attached hereto as Exhibit A.

11. For many consumers, the OU mark is synonymous with the Orthodox Union and its certification activities. Accordingly, the Orthodox Union vigilantly monitors the authorized and unauthorized use of the OU mark in commerce, in connection with food products and other products and services.

## **LUKE OIL'S USE OF THE OU MARK**

12.     Upon information and belief, Luke Oil currently operates at least 23 convenience stores and gasoline service stations in northwest Indiana and the Chicago area. Luke Oil markets and sells food and drink products at its convenience store chain which is affiliated with its gasoline service activities.

13.     Luke Oil is also a petroleum wholesaler, selling fuel to 100 gas stations throughout northwest Indiana and Chicago and is a fuel distributor for Shell, Mobil, Citgo, Marathon, and Phillips. Luke Oil is also a petroleum hauler, delivering fuel to approximately 100 gas stations throughout Northwest Indiana and Chicago.

14.     On or about August 16, 2009, the Orthodox Union learned that Luke Oil was using the OU mark without the Orthodox Union's knowledge or authorization as part of the Luke Oil corporate branding for at least 10 of its convenience store and gas station locations, and in connection with the marketing and sale of food and drink products. *See* Exhibits B through G attached hereto.

15.     On September 10, 2009 the Orthodox Union informed Luke Oil by letter (sent by e-mail and US mail) that its use of the OU mark was unauthorized and constituted trademark infringement. *See* Exhibit H attached hereto. Orthodox Union informed Luke Oil that it was "willing to work with Luke Oil on the development of a prompt timetable for necessary corrective action and cessation by Luke Oil of any further unauthorized uses of the OU mark." Exhibit H.

16.     On September 10, 2009, Tom Collins, Vice President of Luke Oil, responded by e-mail to the Orthodox Union's letter and informed counsel that the letter "was fair" and that either he or his counsel would contact Orthodox Union's counsel by

4

the September 15 deadline set in Orthodox Union's notification letter. *See* Exhibit I attached hereto.

17. On September 15, 2009, counsel for Orthodox Union contacted Mr. Collins by e-mail and informed him that he had not heard from either Luke Oil or Luke Oil's counsel.

18. On September 16, 2009, Mr. Collins contacted counsel for Orthodox Union by e-mail and informed him that Luke Oil had retained the services of a trademark attorney. Mr. Collins promised that either his counsel or he would "personally respond to [Orthodox Union's] letter and outline Luke's plan moving forward." Exhibit J attached hereto.

19. On September 21, 2009, counsel for Orthodox Union again contacted Mr. Collins by e-mail and informed him that he still had not heard from Luke Oil or Luke Oil's counsel. *See* Exhibit K attached hereto. Counsel for Orthodox Union informed Mr. Collins that if Luke Oil did not provide a substantive response by close of business on September 22, 2009, that Orthodox Union would begin to prepare a lawsuit and motion for injunctive relief. Exhibit K.

20. On September 22, 2009, counsel for Luke Oil notified counsel for Orthodox Union by e-mail that "Luke Oil was totally unaware of the Orthodox Union's trademark rights, and will be respectful of those rights as they are understood." Counsel for Luke Oil further promised to provide to Orthodox Union a "definitive response within a week." *See* Exhibit L attached hereto.

21. Counsel for Luke Oil has failed to contact counsel for Orthodox Union or to respond to Orthodox Union's demands. As of the date of this Complaint, Luke Oil has

not responded substantively to Orthodox Union's September 10 correspondence, and has continued its unauthorized use of the OU mark in the same manner as before Orthodox Union's notice of infringement and demand for cessation of the infringement.

22. Since Orthodox Union notified Luke Oil on September 10, 2009 of the existence of the OU mark's federal registrations; that the OU mark is incontestable; that the OU mark is a famous mark; that Luke Oil's unauthorized use of the OU mark constituted trademark infringement, dilution of a famous mark, unfair competition and a deceptive sales practice, Luke Oil's continued unauthorized use of the OU mark became knowing and willful. As such, since at least September 11, 2009, Luke Oil has willfully and intentionally infringed the OU mark.

## COUNT I

### Federal Trademark Infringement

23. The Orthodox Union incorporates and realleges the allegations in paragraphs 1-22 of this Complaint.

24. Luke Oil's unauthorized use in commerce of the OU mark in connection with the marketing and sale of Luke Oil's products, and particularly the food and beverage products sold in Luke Oil's convenience stores, has caused and is likely to cause confusion, or to cause mistake, or to cause deception as to the origin, sponsorship or approval of such goods by the Orthodox Union, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

25. Since at least September 11, 2009, Luke Oil's unauthorized use in commerce of the OU mark in connection with the marketing and sale of Luke Oil's products was made with knowledge that Luke Oil lacked authority to use the OU mark.

Luke Oil's unauthorized use of the OU mark prior to September 11, 2009 was, at the least, a negligent infringement of the OU mark, but an infringement nonetheless.

26. Luke Oil began its offending use of the OU mark without consultation with or notice to the Orthodox Union, and in complete disregard of the Orthodox Union's rights. Moreover, since being notified of its infringing activity, and despite demand for cessation of its infringing conduct and offers to work through a reasonable plan for corrective action, Luke Oil has completely ignored Orthodox Union's demands and has continued to use the OU mark in commerce. As such, Luke Oil's conduct constitutes intentional and willful use of a counterfeit mark within the meaning of 15 U.S.C. §§ 1114, 1116, and 1117.

27. Luke Oil's conduct has injured the Orthodox Union and kosher and other consumers who rely on the Orthodox Union and the OU mark as an indicator that a merchant or a product has been supervised, endorsed, or approved by the Orthodox Union.

## COUNT II

### False Designation of Origin, 15 U.S.C. § 1125(a)

28. The Orthodox Union incorporates and realleges the allegations of Paragraphs 1 through 27 of this Complaint.

29. Luke Oil's unauthorized use in commerce of the OU mark in connection with the marketing and sale of food and beverage products constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact which has caused and is likely to cause confusion, or to cause mistake, or to cause deception as to the affiliation, connection or association of Luke Oil

with the Orthodox Union, or as to the origin, sponsorship or approval by the Orthodox Union of Luke Oil's products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. Luke Oil's conduct has injured the Orthodox Union and kosher and other consumers who rely on the Orthodox Union and the OU mark as an indicator that a merchant or a product has been supervised, endorsed, or approved by the Orthodox Union.

## COUNT III

### Dilution of Famous Mark Under § 43(c) of Lanham Act, 15 U.S.C. § 1125(c)

31. The Orthodox Union repeats and incorporates the allegations of Paragraphs 1 through 30 of this Complaint.

32. The Orthodox Union's OU mark is a famous mark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), in that the mark is distinctive, has been used for many years in many locations throughout the world and is widely recognized therein, has been widely advertised and publicized, and has not been used by any person or entity other than the Orthodox Union.

33. After the OU mark became famous, Luke Oil began using the mark in a manner that causes dilution of the distinctive quality of the mark.

34. Consumers familiar with the OU mark have recognized the OU mark in the marketing of Luke Oil's services and products, and have been led to conclude that Luke Oil or its services and products are affiliated with or endorsed by the Orthodox Union.

35. Luke Oil's conduct has caused injury to the Orthodox Union and to kosher and other consumers who associated the OU mark with Luke Oil's services and products under the mistaken belief that those services and products are affiliated with, endorsed by, or manufactured under the supervision of the Orthodox Union.

## COUNT IV

### Common Law Unfair Competition and Trademark Infringement

36. The Orthodox Union incorporates and realleges the allegations of Paragraphs 1 through 35 of this Complaint.

37. By its wrongful actions as described above, Luke Oil has violated and infringed the Orthodox Union's common law rights in its certification mark and has competed unfairly with the Orthodox Union under the common law.

38. Luke Oil's conduct amounts to deceit. By passing off its goods as being affiliated with or endorsed by the Orthodox Union, Luke Oil's conduct is likely to deceive or confuse the kosher consuming public, and thereby generate profits that, but for said deception, Luke Oil would not have received.

39. Luke Oil's continuing distribution and sale of such products after repeated demand by Orthodox Union, and Luke Oil's refusal to take corrective action with respect to its ongoing infringing activity are willful, and have caused and will continue to cause immediate, substantial and irreparable injury to the Orthodox Union, including irreparable injury to the Orthodox Union's OU mark, its reputation and its goodwill. In addition, Luke Oil's infringing acts have caused the Orthodox Union to suffer damages.

## COUNT V

### Deceptive Consumer Sale in Violation of Indiana Code § 24-5-.05-1 *et. seq.*

40. The Orthodox Union incorporates and realleges the allegations of Paragraphs 1 through 39 of this Complaint.

41. By its wrongful actions as described above, Luke Oil has willfully violated Indiana Code § 24-5-.05-1 *et. seq.*

42. Luke Oil's unauthorized use of the OU mark unlawfully represents that the subject of a consumer transaction "has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have" in violation of Indiana Code § 24-5-.05-3(a)(1).

43. Luke Oil's unauthorized use of the OU mark unlawfully represents that the subject of a consumer transaction "is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not" in violation of Indiana Code § 24-5-.05-3(a)(2).

44. Luke Oil's unauthorized use of the OU mark unlawfully represents that the subject of a consumer transaction "has a sponsorship, approval, or affiliation in such consumer transaction the supplier does not have, and which the supplier knows or should reasonably know that the supplier does not have" in violation of Indiana Code § 24-5-.05-3(a)(7).

45. Orthodox Union formally notified Luke Oil of its unauthorized use of the OU mark, and of the likelihood that such unauthorized use of the OU mark will result in confusion.

46. Luke Oil's violations of Indiana Code § 24-5-.05-1 *et. seq.* are uncured.

47. Luke Oil's continuing distribution and sale of such products after repeated demand by Orthodox Union, and Luke Oil's refusal to take corrective action with respect to its ongoing infringing activity are willful, and have caused and will continue to cause immediate, substantial and irreparable injury to the Orthodox Union, including irreparable injury to the Orthodox Union's OU mark, its reputation and its goodwill. In addition, Luke Oil's infringing acts have caused the Orthodox Union to suffer damages.

WHEREFORE, the Orthodox Union respectfully requests that this Court:

(1) Issue a preliminary and permanent injunction enjoining Luke Oil from continued infringement of the OU mark and any and all unauthorized use of the OU mark, and directing Luke Oil to take immediate corrective action to remove from the marketplace all unauthorized uses by Luke Oil of the OU mark, including any marketing, advertising, or other indications or uses of any affiliation between Luke Oil, its services or products and the OU mark;

(2) Order Luke Oil to render an accounting to the Orthodox Union of all of Luke Oil's unauthorized uses of the OU mark;

(3) Order Luke Oil to render an accounting to the Orthodox Union of all sales and profits gained from the sale of food, beverage and other products, bearing or sold in connection with use by Luke Oil of an unauthorized OU mark;

(4) Award damages to the Orthodox Union in an amount to be determined at trial;

(5) Award damages to the Orthodox Union in an amount of three times the amount of the Orthodox Union's damages or Luke Oil's profits, whichever is greater, pursuant to

15 U.S.C. § 1117 and/or award statutory damages to the Orthodox Union pursuant to 15 U.S.C. § 1117(c) for Luke Oil's intentional and willful use of a counterfeit of the OU mark;

(6)   Award reasonable attorney's fees, treble and/or statutory damages in an amount to be proven at trial pursuant to Indiana Code § 24-5-0.5-1 *et. seq.*

(7)   Award exemplary and punitive damages to the Orthodox Union in an amount to be determined at trial;

(8)   Declare this to be an "exceptional" case within the meaning of 15 U.S.C. § 1117(a), and award the Orthodox Union its costs and attorneys' fees incurred in connection with this action under 15 U.S.C. § 1117(a), and as otherwise permitted by law;

(9)   Award pre- and post-judgment interest to the Orthodox Union on all sums due from Luke Oil; and

(10)  Award such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

The Orthodox Union respectfully requests trial by jury on all claims so triable.

Dated: October 7, 2009.

WILDMAN, HARROLD, ALLEN & DIXON LLP

*/s/ Nicole Nocera*

Nicole Nocera
nocera@wildman.com
Stacey Smiricky
smiricky@wildman.com
225 West Wacker Drive
Suite 2800
Chicago, IL  60606-1229

Telephone: (312) 201-2000
Facsimile: (312) 201-2555

BINGHAM McCUTCHEN LLP

David J. Butler
david.butler@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006
Telephone:    202.373.6000
Facsimile:    202.373.6001

*Attorneys for Plaintiff Union of Orthodox Jewish Congregations of America*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing **Complaint for Damages and Injunctive Relief** will be served this 7th day of October, 2009, via messenger delivery by It's Your Serve, to:

> Luke Oil Co., Inc.
> 3592 North Hobart Road
> Hobart, Indiana 46342

_____
Stacey Smiricky